UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| BREKOU BAYOU,<br><br>       Plaintiff,<br><br>v.<br><br>LAW OFFICES OF CAWLEY & BERGMAN, LLP,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)  No.<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

BREKOU BAYOU, (Plaintiff), through his attorneys, the LAW OFFICE OF FREDRICK E. NIX, P.C., alleges the following against LAW OFFICES OF CAWLEY & BERGMAN, LLP. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Maryland; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Gaithersburg, Montgomery County, Maryland.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Columbia, Maryland.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. On March 30, 2011, Defendant offered to settle Plaintiff's account ending in 8324 ("Account") for the sum of $1,614 (see Exhibit A).

11. Plaintiff entered into a valid and enforceable settlement agreement with Defendant.

12. Pursuant to the terms of the settlement agreement, on March 31, 2011, Plaintiff's attorneys, the Mossler Law Firm, P.C., paid the agreed upon settlement amount via check-by-phone with "Ms. Gatson" at Defendant's firm (see Exhibit B).

13. Subsequently, Plaintiff received a letter from Defendant dated August 3, 2011 that sought to collect on the settled account (see Exhibit C).

14. Not surprisingly, the current balance referenced in Defendant's settlement letter, less the settlement payment, equals the balance referenced in Defendant's collection letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

15. Defendant violated the FDCPA based on, but not limited to, the following:

PLAINTIFF'S VERIFIED COMPLAINT AND JURY DEMAND

a. Defendant violated § 1692f(1) of the FDCPA by attempting to collect a debt amount that was not expressly authorized by an agreement or permitted by law;

b. Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing the character, amount, or legal status of the alleged debt;

c. Defendant violated § 1692e(5) of the FDCPA by threatening to take legal action that could not legally be taken;

d. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with the collection of a debt.

WHEREFORE, Plaintiff, BREKOU BAYOU, respectfully requests judgment be entered against Defendant, LAW OFFICES OF CAWLEY & BERGMAN, LLP, for the following:

16. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

17. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

18. Any other relief that this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE, Plaintiff, BREKOU BAYOU, hereby demands a jury trial in this cause of action.

                              RESPECTFULLY SUBMITTED,

                              By:  /s/ Fredrick E. Nix  (#29201)
                              Law Offices of Fredrick E. Nix, P.C.
                              240 South Potomac Street, Suite 203
                              Hagerstown, MD 21740
                              (888) 221-6685  |  fredrick.nix@attorneynix.com
                              Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MARYLAND )
)
COUNTY OF MONTGOMERY )

Plaintiff, BREKOU BAYOU, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, BREKOU BAYOU, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

X 06-10-12
Date

X _____
BREKOU BAYOU